UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REENA LEVIN, et al.

        Plaintiff(s),

    v.

DEBORAH SELLERS, et al.

        Defendant(s).
_____/

No. C-11-04783 DMR

**ORDER GRANTING MOTION FOR ORDER ENFORCING SETTLEMENT AGREEMENT [DOCKET NO. 184]**

    Before the court is the motion ("Motion") by Plaintiffs Steven E. Schwarz and Reena Levin for an order enforcing the Settlement Agreement and Mutual Release ("Settlement Agreement") against Defendant Sellers Markets, Inc ("Sellers Markets"). [Docket No. 184.] For the reasons stated below, the order is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

    Plaintiffs originally brought this action against James Sellers, Deborah Sellers, Sellers Markets, and other defendants in the Northern District of Illinois. *See* Docket No. 99. Plaintiffs alleged that they invested $40,000.00 in Sellers Markets securities; that they exercised their contractual redemption rights; and that their redemption demand was not honored. *See* Docket No. 165. On September 27, 2011, Judge Feinerman transferred the case to the Northern District of California. [Docket No. 99.]

    On February 9, 2012, default was entered as to several defendants, including Defendants James Sellers, Deborah Sellers, and Sellers Markets. [Docket No. 155.] On April 4, 2012, the parties, including the defaulted defendants, filed a Joint Stipulation of Dismissal wherein Plaintiffs

1  dismissed their complaint with prejudice, and the parties stipulated that this court "retains
2  jurisdiction over any claims or actions in law or in equity necessary to enforce the terms of the
3  Parties' Settlement Agreement executed as of March 10, 2012." [Docket No. 180.] On April 10,
4  2012, the court issued an order dismissing the case with prejudice, and stating that the court "shall
5  retain jurisdiction for the limited purpose of resolving disputes arising out of the parties' March 10,
6  2012 settlement agreement. [*See* Docket No. 180.]" [Docket No. 183, brackets in original.]

### i. Settlement Agreement and Promissory Note

On March 14, 2012, all parties entered into the Settlement Agreement. Settlement Agreement [Docket No. 222, Ex. A] at 4-9. The Settlement Agreement refers to Sellers Markets' obligations "pursuant to the attached Secured Promissory Note." *Id.* at 2. On the same day, Sellers Markets signed an accompanying Secured Promissory Note ("Note"). [Docket No. 222, Ex. B.]

The Settlement Agreement requires Sellers Markets to make 32 monthly payments of $1,000 each to Plaintiffs beginning on March 10, 2013, in accordance with the terms of the Note. Settlement Agreement at ¶ 3. The Note states that Sellers Markets must pay $32,000 to Plaintiffs over 32 months in equal payments of $1,000 on or before the tenth day of each month beginning April 10, 2013. Note at 1. The Note also states that "upon an event of default as set forth in the 'default' provision below (paragraph 3), then all remaining amounts due under the [Note] shall become immediately due and payable." *Id.*

Paragraph 3 of the Note lists "Events of Default." The events of default relevant to this Motion are as follows:

> (a) Within any four month period, any two Monthly Payments due hereunder shall not be paid on the dates on which they are due and shall remain unpaid for fourteen (14) days after the dates when due provided that all monthly payments must be paid within 30 days of their respective due dates;
>
> (b) The undersigned shall fail to perform or observe any other obligation at the time and in the manner required by this note . . . .

*Id.* at ¶ 3. In the event of a default, Plaintiffs "may, by written notice to the undersigned, declare the entire unpaid principal amount hereunder to be immediately due and payable, whereupon the same shall become forthwith due and payable, and proceed to exercise any and all rights and remedies that [Plaintiffs] may have at law." *Id.*

2

The Settlement Agreement states that "[a]ny claim arising out of or related to this Agreement and the enforcement of this Agreement and any claim among all or some of the Parties shall be brought in the case of *Levin et al. v. Sellers et al.*, United States District Court for the Northern District of California (Case No. C-11-04783 (DMR))." Settlement Agreement at ¶ 11.

The Note includes a provision whereby Sellers Markets is liable to Plaintiffs for reasonable costs and expenses if Plaintiffs "represent themselves pro se to collect all or any portion of the liabilities of the undersigned thereunder." Note at ¶ 4. Plaintiffs, who are proceeding pro se, have indicated that they intend to file a bill of costs upon this court's entry of judgment. Schwarz Decl. [Docket No. 222] at ¶ 13.

**ii. Default by Sellers Markets**

Plaintiffs claim that Sellers Markets has failed to meet its obligations under the Settlement Agreement and Note. By April 20, 2013, Plaintiffs had not received Sellers Markets' April 10, 2013 payment. Motion at 3; Schwarz Decl. at ¶ 5. On that day, Plaintiffs sent a notice of nonpayment to Sellers Markets, via James Sellers, its registered agent and also a defendant in this case. *Id.* at ¶ 5, Ex. C. The notice stated that Plaintiffs had not received Sellers Markets' payment as of that date, directed Sellers Markets to provide payment immediately, and notified Sellers Markets that "[i]f payment is not made by May 10, 2013, SMI will be in default and the entire unpaid principal amount will be subject to acceleration upon written notice pursuant to paragraph (3) of the Note." *Id.*

By May 10, 2013, Plaintiffs had not received Sellers Market's April 10 payment, nor the payment due on May 10. *Id.* at ¶ 7. That day, James Sellers called Plaintiffs and left a voicemail in which he stated that Sellers Markets would "begin winding down operations on or before the end of the month." *Id.*

On May 11, 2013, Plaintiffs sent Sellers Markets, via certified mail and email to James Sellers, a notice entitled "Notice Pursuant to Paragraph 3 of Secured Promissory Note Declaring Entire Unpaid Principal Amount of $32,000 to be Immediately Due and Payable." *Id.* at ¶ 7, Ex. D. In the letter, Plaintiffs stated: "This is to inform you that, pursuant to Paragraph (3) of the Secured Promissory Note . . . [Plaintiffs] hereby declare the entire unpaid principal amount of $32,000 to be

1  immediately due and payable and that we intend to proceed to exercise any and all rights and
2  remedies that we may have at law." *Id.* The same day, Plaintiffs filed this Motion.

3  On June 5, 2013, the court ordered Sellers Markets to show cause by June 14, 2013 for its
4  failure to respond to the Motion. To date, Sellers Markets has not responded or filed a statement of
5  non-opposition. Although Sellers Markets was represented by counsel during the pendency of the
6  case, its former counsel has informed Plaintiffs that he no longer represents Sellers Markets. *See*
7  Docket No. 185-4 (email from Charles Cole). Plaintiffs have filed proofs of service showing that
8  they have served the motion, the order to show cause, and other relevant filings on Sellers Markets.
9  [Docket No. 188, 190, 192, 196, 198, 200, 202, 205, 206, 208, 210, 213, 215, 217, 219, 221, 223.]

## II. LEGAL STANDARD

"[I]t is . . . well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted); *see also Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); *In re City Equities Anaheim, Ltd.,* 22 F.3d 954, 957 (9th Cir.1994) (affirming summary enforcement of settlement agreement by bankruptcy court where there was no dispute about the formation or consummation of the agreement). "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay*, 573 F.2d at 1078 (citation omitted). To be enforced, a settlement agreement must be complete and both parties must have agreed to the terms of the settlement. *See Maynard v. City of San Jose,* 37 F.3d 1396, 1401 (9th Cir. 1994).

"Enforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of

the settlement agreement in the dismissal order. *Id.* at 381. Under those circumstances, a breach of the agreement would be a violation of a court order and the district court would have ancillary jurisdiction to enforce the agreement. *Id.* If the court does not retain jurisdiction to enforce the settlement agreement, the vehicle for the enforcement of the settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." *Id.*

"[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987) (holding that district court erred in granting entry of judgment without first holding requested evidentiary hearing after plaintiffs requested evidentiary hearing challenging the existence and validity of the settlement agreement). However, an evidentiary hearing is not required where the settlement agreement itself is not disputed. *See, e.g.*, *Calcor Space Facility, Inc. v. McDonnell Douglas Corp.*, 5 F. App'x 787, 789 (9th Cir. 2001) (district court did not err in enforcing settlement agreement where no party requested evidentiary hearing, court held hour-long hearing on motion to enforce the settlement agreement and considered detailed memoranda and declarations from several people, and no parties requested cross-examination of any of the declarants); *Situ v. Northrop Grumman Corp.*, 49 F. App'x 185 (9th Cir. 2002).

### III. DISCUSSION

As the parties expressly provided for the court's continuing jurisdiction over claims and disputes arising from the Settlement Agreement, the court has jurisdiction over the Motion and may enter the requested judgment. *See, e.g.*, *Tranquilli v. VSB Investments, Inc.*, No. 07-cv-433 LJO, 2008 WL 1788022 (E.D. Cal. Apr. 18, 2008) (granting motion to enforce settlement agreement where parties stipulated to the court's jurisdiction to enforce the agreement, defendants failed to make monthly payments under agreement, such failure accelerated the total sum owed, and defendants did not oppose motion); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. 09-cv-3219 JCS, 2010 WL 1293522 (N.D. Cal. Mar. 31, 2010) (granting motion to reopen case and enter judgment against defaulting defendant, where stipulated entry of

judgment provided that judgment shall be entered against defendant if it defaulted under the settlement agreement).

There is no dispute about the formation, existence, or terms of the Settlement Agreement and Note. The provisions of both, discussed above, are clear and unambiguous. Plaintiff has declared that Sellers Markets was "ably represented by counsel during the underlying case and the extensive negotiation and drafting of the Settlement Agreement and Note." Motion at 4; Schwarz Decl. at ¶ 3 (Plaintiffs negotiated Settlement Agreement and Note with Charles Cole, the Illinois attorney representing Sellers Markets at the time). Plaintiffs and Sellers Markets' signatures appear on both documents. The parties' joint stipulation to dismiss pursuant to the Settlement Agreement [Docket No. 180] is further evidence that the formation of the Settlement Agreement and Note cannot be disputed. *See Situ*, 49 F. App'x at 186 (district court did not err in enforcing settlement agreement and denying evidentiary hearing where court found handwritten settlement agreement to contain all essential elements of a contract, and where parties stipulated that the suit had been settled, bolstering conclusion that agreement constituted final settlement of the case). There is also no dispute that Sellers Markets defaulted on its obligations under the Settlement Agreement and Note by failing to timely pay the April 10 and May 10, 2013 payments (or any other payments pursuant to the Settlement Agreement and Note).

Accordingly, the court finds that the Settlement Agreement and Note constitute the valid, binding, and complete settlement agreement of the parties, and that Sellers Markets has defaulted on its obligations therein. Pursuant to the Settlement Agreement and Note, Sellers Markets owes Plaintiffs the total amount of the principal immediately.

//
//
//
//
//
//

## V.  CONCLUSION

For the reasons stated above, this court grants Plaintiffs' motion and orders Sellers Markets to immediately pay Plaintiffs the sum of $32,000.  Immediately upon receipt of this Order, Plaintiffs shall serve Sellers Markets with a copy of this Order and file a proof of service with the court.

IT IS SO ORDERED.

Dated:  July 9, 2013

DONNA M. RYU
United States Magistrate Judge