UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA LEVIN, et al. | No. C-11-04783 DMR |
| Plaintiff(s), | **ORDER RE PLAINTIFFS' APPLICATIONS FOR JUDGMENT DEBTOR EXAMINATIONS [DOCKET NOS. 231, 232]** |
| v. | |
| DEBORAH SELLERS, et al. | |
| Defendant(s). | |

Before the court are two applications by Plaintiffs Steven E. Schwarz and Reena Levin for judgment debtor examinations against Defendant Sellers Markets, Inc ("Sellers Markets") and APMEX LLC. [Docket Nos. 231, 232.]

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs originally brought this action against James Sellers, Deborah Sellers, Sellers Markets, and other defendants in the Northern District of Illinois. *See* Docket No. 99. Plaintiffs alleged that they invested $40,000.00 in Sellers Markets securities; that they exercised their contractual redemption rights; and that their redemption demand was not honored. *See* Docket No. 165. On September 27, 2011, Judge Feinerman transferred the case to the Northern District of California. [Docket No. 99.]

On February 9, 2012, default was entered as to several defendants, including Defendants James Sellers, Deborah Sellers, and Sellers Markets. [Docket No. 155.] On April 4, 2012, the parties, including the defaulted defendants, filed a Joint Stipulation of Dismissal wherein Plaintiffs dismissed their complaint with prejudice, and the parties stipulated that this court "retains

jurisdiction over any claims or actions in law or in equity necessary to enforce the terms of the Parties' Settlement Agreement executed as of March 10, 2012." [Docket No. 180.] On April 10, 2012, the court issued an order dismissing the case with prejudice, and stating that the court "shall retain jurisdiction for the limited purpose of resolving disputes arising out of the parties' March 10, 2012 settlement agreement. [*See* Docket No. 180.]" [Docket No. 183, brackets in original.]

On March 14, 2012, all parties entered into the Settlement Agreement. Sellers Markets subsequently defaulted on its obligations under the Settlement Agreement. On July 9, 2013, this court granted Plaintiffs' motion for enforcement of the Settlement Agreement and ordered Sellers Markets to immediately pay Plaintiffs the sum of $32,000. [Docket No. 224.] On August 15, 2013, the clerk of the court issued a writ of execution directing the sheriff or marshal of San Francisco county to enforce the judgment against Sellers Markets. [Docket No. 226.]

## II. JUDGMENT DEBTOR EXAMINATIONS

This court generally follows California state procedures for execution of a money judgment. *See* Fed. R. Civ. P. 69(a)(1) (providing that with respect to a money judgment, "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies"), 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.").

California Code of Civil Procedure § 708.110 governs judgment debtor examinations in California. "The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." Cal. Civ. Proc. Code § 708.110(a). "'Judgment debtor' means the person against whom a judgment is rendered." Cal. Civ. Proc. Code § 680.250.

**A. Examination of Sellers Markets**

Judgment has been rendered against Sellers Markets, and the court grants Plaintiffs' application for an order directing Sellers Markets to appear for a judgment debtor exam. Plaintiff is directed to contact the courtroom deputy Ivy Garcia at (510) 637-3639 to schedule a date and time for the judgment debtor exam.

### B. Examination of APMEX LLC

With respect to APMEX LLC, that entity is not a judgment debtor, as no judgment has been rendered against it. Instead, Plaintiffs appear to argue that APMEX LLC is the appropriate target for a judgment debtor exam because Plaintiffs believe APMEX LLC owes a cash debt to Sellers Markets for the purchase price of the lease.

Plaintiffs' application for a judgment debtor exam of a third party must satisfy the requirements of California Code Civ. Proc. § 708.120(a). *See also Gordon v. Vitalis Partners, LLC*, No. 10-MC-00070 WBS, 2012 WL 161033 at *1-2 (E.D. Cal. Jan. 18, 2012) (denying plaintiffs' application for a judgment debtor examination where it failed to satisfy the requirements of the California Civil Procedure Code). That statute provides:

> Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court [for a judgment debtor exam]. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

Cal. Civ. Proc. Code § 708.120(a).

According to Plaintiffs, Sellers Markets sent Plaintiffs a letter on July 8, 2013. *See* Docket No. 232-3. That letter states that Sellers Markets ceased operating on July 8, 2013 due to the "deterioration of its operating performance, precipitated by the dramatic increase in the presence of food trucks in the Financial District of downtown San Francisco." *Id.* Sellers Markets' assets as of July 8 consisted of "cash in the approximate sum of $1000, used [furniture, fixtures, and equipment], and a small amount of inventory." *Id.* Sellers Markets transferred its lease to "APMEX, Inc." under a bulk sale whose proceeds would not be sufficient to pay any other secured claims other than those of Sellers Markets' senior secured creditor, Heritage Bank. *Id.*

3

Plaintiffs submitted an affidavit which declares that Schwarz performed internet research into the identity of "APMEX, Inc." and could not locate any entities by that name registered to do business in California. However, "APMEX LLC" is an "active restaurant company engaged in the restaurant business[1] located in San Francisco, California." Schwarz Aff. [Docket No. 238-1] at ¶ 3. Based upon Schwarz's research, Plaintiffs "believe that APMEX LLC, not APMEX, Inc., owes a cash debt to Sellers Markets . . . for the purchase price of SMI's restaurant lease . . . . [and] that APMEX LLC owes SMI an amount exceeding two hundred fifty dollars." *Id.* at ¶¶ 3-4.

Under Section 708.120, the judgment creditor must present "proof . . . by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)." Plaintiffs' affidavit in support of the examination application simply recites the statutory language and offers the conclusory assertion that APMEX LLC is indebted to the judgment debtors in an amount exceeding $250.00. Even if the affidavit is based on Plaintiffs' information and belief, it fails to provide credible, non-speculative evidence that APMEX LLC "has possession or control of property" in which Sellers Markets retains any interest, or that APMEX LLC is indebted to Sellers Markets in any amount as a result of the bulk sale of Sellers Markets' assets to APMEX LLC. Plaintiffs' request for an order directing APMEX LLC to appear for a judgment debtor exam is therefore denied because it fails to meet the requirements of Section 708.120(a).[2]

### III. CONCLUSION

---

[1] Documents purportedly from the California Secretary of State's website only indicate that APMEX LLC is an active business entity in California, but do not state that it is in the restaurant industry. Plaintiffs submitted a purported printout from the website CorporationWiki indicating that "Apmex LLC" is in the restaurant industry. *See* Docket No. 232-4.

[2] On November 9, 2013, Plaintiffs filed a supplemental declaration stating that on November 4, 2013, they had effected personal service of a third party levy and writ of execution on APMEX LLC. [Docket No. 264 at ¶ 3.] The court notes that this procedure may uncover some of the information that Plaintiffs seek in their application for a judgment debtor exam of APMEX LLC. *See* California Practice Guide, Enforcing Judgments and Debts (2013) at 6:1281 ("Before examining a third party, it is generally advisable to serve him or her with a writ of execution (garnishment). Even if the levy is ineffective, the third person must complete a garnishee's memorandum. This may provide the same information that could be obtained from an exam, and will be much cheaper.") Plaintiffs are apparently still awaiting a response to the levy on APMEX LLC.

For the reasons stated above, the court grants Plaintiffs' application for a judgment debtor examination against Sellers Markets and denies the application for the judgment debtor examination against APMEX LLC.

Immediately upon receipt of this Order, Plaintiffs shall serve Sellers Markets with a copy of this Order and file a proof of service with the court.

IT IS SO ORDERED.

Dated: November 15, 2013

DONNA M. RYU
United States Magistrate Judge

5