UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA LEVIN, et al.<br><br>        Plaintiff(s),<br><br>    v.<br><br>DEBORAH SELLERS, et al.<br><br>        Defendant(s).<br>_____/ | No. C-11-04783 DMR<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CONTEMPT [DOCKET NO. 233], MOTION TO STRIKE [DOCKET NO. 241], MOTION TO DISMISS THIRD PARTY CLAIM [DOCKET NO. 273], AND APPLICATION FOR JUDGMENT DEBTOR EXAMINATION [DOCKET NO. 286]** |

Before the court are several requests by Plaintiffs Steven E. Schwarz and Reena Levin: (1) a motion for an order holding Defendant Sellers Markets, Inc. in contempt pursuant to Federal Rule of Civil Procedure 70(e) [Docket No. 233], (2) a motion to strike a letter submitted by Deborah Sellers [Docket No. 241], (3) a motion to dismiss third party claims [Docket No. 273], and (4) an application for a judgment debtor examination of APMEX LLC. [Docket No. 286.]

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs originally brought this action against James Sellers, Deborah Sellers, Sellers Markets, and other defendants in the Northern District of Illinois. *See* Docket No. 99. Plaintiffs alleged that they invested $40,000.00 in Sellers Markets securities; that they exercised their contractual redemption rights; and that their redemption demand was not honored. *See* Docket No. 165. On September 27, 2011, Judge Feinerman transferred the case to the Northern District of California. [Docket No. 99.]

On February 9, 2012, default was entered as to several defendants, including Defendants James Sellers, Deborah Sellers, and Sellers Markets. [Docket No. 155.] On April 4, 2012, the parties, including the defaulted defendants, filed a Joint Stipulation of Dismissal wherein Plaintiffs dismissed their complaint with prejudice, and the parties stipulated that this court "retains jurisdiction over any claims or actions in law or in equity necessary to enforce the terms of the Parties' Settlement Agreement executed as of March 10, 2012." [Docket No. 180.] On April 10, 2012, the court issued an order dismissing the case with prejudice, and stating that the court "shall retain jurisdiction for the limited purpose of resolving disputes arising out of the parties' March 10, 2012 settlement agreement. [*See* Docket No. 180.]" [Docket No. 183, brackets in original.]

On March 14, 2012, all parties entered into the Settlement Agreement. Sellers Markets subsequently defaulted on its obligations under the Settlement Agreement. On July 9, 2013, this court granted Plaintiffs' motion for enforcement of the Settlement Agreement and ordered Sellers Markets to immediately pay Plaintiffs the sum of $32,000. [Docket No. 224.]

## II.  MOTION TO STRIKE

Plaintiffs move to strike a letter filed by Deborah Sellers, the corporate secretary of Sellers Markets, on October 22, 2013. [Docket No. 240.] Plaintiffs contend that because Sellers Markets is not represented by counsel, and corporations may not appear *pro se* in federal court, Ms. Sellers' letter amounts to an authorized practice of law. Plaintiffs request this court strike the letter and not consider its content or exhibits. The court does not rely on this document for the determination of any currently pending motion. Therefore Plaintiffs' motion to strike is **denied as moot**.

## III.  MOTION FOR ORDER HOLDING SELLERS MARKETS IN CONTEMPT

Plaintiffs urge this court to hold Sellers Markets in civil contempt for its failure to abide by the court order directing Sellers Markets to pay Plaintiffs the amount of the judgment.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535 (1966). The federal rules also permits a court to find a disobedient party in contempt. Fed. R. Civ. P. 70(a) and (e) ("If a judgment requires a party to . . . perform any specific act and the party fails to comply within the time specified, the court may . . . hold the disobedient party in contempt."). "The standard for

2

finding a party in civil contempt is well settled." *Distributors Association Warehousemen's Pension Trust Fund v. Foreign Trade Zone 3, Inc.,* No. 05-CV-1161-SBA, 2009 WL 975786 at * 1 (N.D. Cal. April 9, 2009). The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *In Re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002). Generally, a violation is shown by the party's "failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n ., Inc. v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006). Willfulness is not an element of contempt. *Id.* The burden then shifts to the contemnor to demonstrate why it was unable to comply. A present inability to comply is a complete defense to civil contempt. *United States v. Drollinger,* 80 F.3d 389, 393 (9th Cir.1996) ("Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.") (citations omitted). Should a court find a party in contempt, it has discretion in deciding whether to impose sanctions. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir. 1986). "Compensatory awards are limited to actual losses sustained as a result of the contumacy." *Id.* (citation omitted).

Plaintiffs have failed to meet their burden of demonstrating that Sellers Markets violated any order of this court. As discussed above, it appears that Sellers Markets is no longer operating and is in the process of winding down its business. It is not known whether Sellers Markets was insolvent and therefore unable to comply with the court's July 9, 2013 order. Plaintiffs' motion for an order holding Sellers Markets in contempt is **denied**.

### IV.  MOTION TO DISMISS

On November 5, 2013, Defendants James Sellers and Deborah Sellers filed a "Third-Party Claim of Prior Security Interest." [Docket No. 250.] The document states that "James Sellers and Deborah Sellers hold a duly-perfected senior security interest in substantially all of the assets of [Sellers Markets], securing the sum of $1,040,048.76." *Id.* Plaintiffs move to "dismiss or quash" this document pursuant to Federal Rule of Civil Procedure 12(b)(5), on the basis that it was improperly served. [Docket No. 273.]

The document filed by James and Deborah Sellers in this court appears to be premature and procedurally deficient. A third party may file a (1) claim of ownership or the right to possession of real or personal property or (2) a claim of security interest in or lien on personal property that has been levied on in an action by a creditor. *See* Cal. Code Civ. Proc. §§ 720.110, 720.210. Here, the third party claim asserts a senior security interest in "substantially all of the assets" of Sellers Markets, but there is no indication from any of the parties that Sellers Markets' property has been levied by Plaintiffs. Furthermore, the third party claim must be filed with the levying officer. Cal. Code Civ. Proc. § 720.210. Here, the claim was filed with the court. Moreover, as discussed below, even if the claim properly were filed in court, this court would not decide it, as it would be well outside the limited jurisdiction retained in this case. At any rate, it is not clear what effect, if any, the third party claim filed by James and Deborah Sellers has on the enforcement of the judgment in this case. Accordingly, Plaintiffs' motion to strike or quash the third party claim is **denied as moot**.

### V. JUDGMENT DEBTOR EXAMINATION

Plaintiffs believe that an entity called APMEX LLC owes a cash debt to Sellers Markets. *See* Docket No. 272 at 3. Previously, Plaintiff requested from this court an order directing APMEX LLC to appear for a judgment debtor exam. The court denied that application, finding that Plaintiffs failed "to provide credible, non-speculative evidence that APMEX LLC has possession or control of property in which Sellers Markets retains any interest, or that APMEX LLC is indebted to Sellers Markets in any amount." *Id.* at 4. The court also noted that on November 4, 2013, Plaintiff served on APMEX LLC a third party levy and writ of execution.

At the time of that order, Plaintiffs were still awaiting a response to the levy on APMEX LLC. APMEX LLC has since responded. *See* Docket No. 286-1. In its garnishee's memorandum, APMEX LLC states that it "holds neither any property nor any obligations in favor of the judgment debtor." However, the memorandum also includes somewhat contradictory information: in response to an instruction to "[d]escribe any claims and rights of other persons to the property or obligation levied upon that are known to you," APMEX LLC attached a list of creditors and amounts claimed that includes James and Deborah Sellers in the amount of $1,040,048.76. The list does not describe what property or obligation the enumerated claimants claim interest in, and does not indicate that

4

APMEX LLC possesses or controls that property or obligation. Thus, while this list of creditors creates confusion, it does not persuade the court that APMEX LLC has possession or control of property in which Sellers Markets has an interest or indebted to Sellers Markets. *See* Cal. Civ. Proc. Code § 708.120(a) (applicant for judgment debtor examination of third party must offer "proof by . . . affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor").

Accordingly, Plaintiffs' request for an order directing APMEX LLC to appear for a judgment debtor examination [Docket No. 286] is **denied**.[1]

The court is concerned that Plaintiffs, through their continuous stream of motions, have attempted to expand the scope of the court's limited jurisdiction. The court maintained jurisdiction for the limited purpose of resolving disputes arising out of the parties' March 10, 2012 settlement agreement. This does not include overseeing all potential collection activities. "Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). Furthermore, "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009). The court therefore will not consider any future motions that do not fall within the strict confines of the limited purpose for which it maintained jurisdiction.

//
//
//
//
//

---

[1] Plaintiffs filed two requests for orders directing APMEX LLC to appear for a judgment debtor examination. *See* Docket Nos. 281, 286. It appears that the second filing was intended to correct an error in the first and supercede it. This order terminates both applications.

Immediately upon receipt of this Order, Plaintiffs shall serve Sellers Markets with a copy of this Order and file a proof of service with the court.

IT IS SO ORDERED.

Dated: January 14, 2014



_____
DONNA M. RYU
United States Magistrate Judge